Curia, per Evans, J.
To make an account book evidence, all that our cases seem to require, are that the book be regularly kept and that it be the book of original entries. The evidence offered must not be loose memoranda, such as the pedlar’s case reported in 2 Hill, 678, nor a book into which the charges have been transferred from some other book or memorandum, but the book in which the entries are made co-temporaneously with the facts which they record. Now it seems to me all these requisites may exist as well when the accounts are kept in what I have heard called a petty ledger, as in this case, as when the entries are first made in the form of a day book and transferred to the journal and ledger. From my own expeiience and that of most of the members of this Court, I am satisfied that this form of keeping accounts is very often used, and to reject it now would deprive a great number of persons, especially professional men, mechanics, and small dealers, of their legal right of proving their accounts by their books. In the case of Hurtz v. Neufville, reported in a note to Harris v. Caldwell, the book of the plain *196 tiff was objected to as being, on the face of it, not a regular tradesman’s book in which entries are made in a certain order, but consisting of loose memoranda relating to business. In delivering the opinion of the Court Judge Johnson says the manner of keeping the book is very unmercantile, and would perhaps shock a regular clerk, but the Court do not feel at liberty to prescribe the mode in which merchants and shopkeepers shall keep their books. The best informed among them would perhaps differ about this matter, and if they are so kept as to be intelligible, I see no reason why they should not be equally admissible whether kept by double or single entries, or, as in this case, by setting apart a page or part of a page for each customer, and exhibiting at one view the whole account. This, in my judgment, is a correct exposition of the law as settled by the decided cases. Books thus kept are evidence to go to the jury, who are to judge whether the charged were made consecutively as the services were rendered, or whether the entries were manufactured to support a false account. As we cannot undertake to say that this evidence would not have varied materially the case made, there must be a new trial, and the motion is granted.
Richardson, O’Neall and Wardlaw, JJ. concurred.

Motion granted.